and prevails against any allegation of innocence, as to any one or more of the officers or crew. This may bear hard on the faultless; but it is the policy of the maritime law, thus to compel the innocent to watch, and bring to retribution or punishment, those who are really chargeable with negligence, delinquency or crime. This obligation arises out of a peculiar necessity, appropriate to those of this occupation, who, from the nature of their employment, are thus made sponsors for each other.

### Case No. 4,897.

. FOGG v. LAWRY.

[See 71 Me. 215.]

### Case No. 4,898.

FOGG v. STICKNEY.

[11 N. B. R. (1875) 167.] [1]

District Court, D. New Hampshire.

CLARK, District Judge. Before the register, Fogg Bros. offered for proof against the bankrupt, three notes, all signed by Wm. H. Crawford, payable to his own order, and by him indorsed; and also by the bankrupt, and others. The first of these notes was dated January 10th, 1872, for one thousand dollars, on five months. The second, January 22d, 1872, for one thousand dollars, on five months. The third, February 21st, 1872, for one thousand dollars, on five months. The assignee [W. W. Stickney] appeared before the register and objected to the allowance of the notes against the estate of the bankrupt, and thereupon an issue was framed and transmitted to this court. Upon hearing had before the court, it appeared that these notes were accommodation notes, for the benefit of the maker, Craw-

[1] [Reprinted by permission.]

ford; that he delivered the same to Fogg Bros. as collateral security for an existing debt, before they were due, and without notice of any infirmity or defense, and not being paid at maturity, the notes were protested, and notice given to the indorsers.

The only question before the court was, whether the notes, being delivered to Fogg Bros. as collateral security, were open to the defense of want of consideration, on the part of the bankrupt. In New Hampshire, it has been repeatedly held, that notes pledged as collateral security are open to the same defense as they would be in the hands of the payee. Williams v. Little, 11 N. H. 66; Fletcher v. Chase, 16 N. H. 39; Bank v. Kent, 15 N. H. 579; Rice v. Raitt, 17 N. H. 116. But in Swift v. Tyson, 16 Pet. [41 U. S.] 15–22, 14 Curt. Dec. 166, the subject of the transfer of notes was fully considered, and a different doctrine was held. In delivering the opinion of the court, Justice Story remarked, "establish the opposite conclusion; that negotiable paper cannot be applied in payment of, or as security for, pre-existing debts, without letting in all the equities between the original and antecedent parties, and the value of such securities must be essentially diminished, and the debtor driven to embarrassment in making sale thereof, often at a ruinous discount." In the same case, and also in Watson v. Tarpley, 18 How. [59 U. S.] 517, it was held, that the decision of a state court could not control the decision of the United States courts as to the commercial law, and this court feel bound by the decision of the United States supreme court, rather than by the decisions of the state court.

It is well settled, that the want of consideration is no defense to a note against one who becomes a bona fide holder for value, before the note is due. This is so even in New Hampshire, if the holder had no notice of the invalidity of the note. Perkins v. Challis, 1 N. H. 254; Peck v. Maynard, 20 N. H. 183. Other authorities hold, that it is not any defense or bar, that the note was known to the holder to be an accommodation note, between the other parties, if he takes it for value, bona fide, before it comes due. Story, Bills, 230, § 194, and authorities cited; Brown v. Mott, 7 Johns. 361. There was no proof in this case that Fogg Bros. had any notice of any want of consideration for the notes.

The only question then would seem to be, did the Fogg Bros., holding the notes as collateral security, hold them for value? Chitty says, if a bill or note be indorsed as a collateral security, that is an adequate consideration to enable the party to sue thereon though he advance no new credit on the bill or note. Chit. Bills. 85; Heywood v. Watson, 4 Bing. 496. Story says, every person is, in the sense of the rule, treated as a bona fide holder for value, not only when he has advanced money or other value for it, but